# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford 06905 | ( 203 ) 965-5308 | FEBRUARY 9, 2021 |

| [x] Judicial District [ ] Housing Session | [ ] G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Stamford | Case type code (See list on page 2) Major: M   Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [x] Yes [ ] No

Email address for delivery of papers under Section 10-13 (if agreed to): mparadisi@cicchielloesq.com; and smaloney@cicchielloesq.com

Number of Plaintiffs: 1    Number of Defendants: 1    [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: PERSICO, MELISSA<br>Address: 11 MERWIN STREET, APT. 209, NORWALK, CT 06850 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: MASELLO SALON SERVICES OF NEW ENGLAND, LLC<br>Address: AGENT: INCORP SERVICES, INC., 6 LANDMARK SQ., 4TH FL., STAMFORD, CT, 06901 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | [x] Commissioner of the Superior Court [ ] Assistant Clerk | Name of Person Signing at Left Matthew D. Paradisi | Date signed 01/05/2021 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: FEBRUARY 9, 2021 : | SUPERIOR COURT |
| MELISSA PERSICO : | J.D. OF STAMFORD |
| VS. : | AT STAMFORD |
| MASELLO SALON SERVICES : | |
| OF NEW ENGLAND, LLC : | JANUARY 5, 2021 |

## COMPLAINT

1. The Plaintiff in this matter, MELISSA PERSICO ("Plaintiff"), was at all times relevant to this Action a resident of Norwalk, Connecticut.

2. The Defendant, MASELLO SALON SERVICES OF NEW ENGLAND, LLC ("Defendant"), is a limited liability company, with a business address of 20 Sharpe Drive, Cranston, Rhode Island.

3. Defendant operates a hair care distribution business, providing hair care and related products to salons throughout the New England region, and throughout the state of Connecticut.

4. Plaintiff commenced her employment with Defendant in or about 2013 as a salon consultant, entailing interacting and consulting with client salons and account representatives within her region in Connecticut, and selling products offered by Defendant.

5. Throughout her employment with Defendant, Plaintiff was an exemplary employee, evidenced by her long tenure, a lack of disciplinary history, and consistent positive feedback from clientele.

6. On March 10, 2020, Governor Ned Lamont declared a Public Health and Civil Preparedness emergency related to the outbreak of COVID-19.[1]

7. On March 20, 2020, Governor Ned Lamont issued Executive Order No. 7H, which, ordered, *inter alia*, that "[n]on-essential businesses or not-for-profit entities shall reduce their in-person workforces at any workplace locations by 100% not later than March 23, 2020 at 8:00pm."[2]

8. In accordance with the foregoing executive orders, Defendant furloughed Plaintiff on account of the salons she typically serviced being shut down amidst the ongoing pandemic.

9. Thereafter, and on or about May 29, 2020, Governor Lamont issued Executive Order No. 7TT, which, *inter alia*, permitted the reopening and operation of hair salons and barbershops pursuant to the Sector Rules for Hair Salons and Barbershops, issued by the Department of Economic and Community Development ("Sector Rules"). Such Sector Rules, pursuant to Executive Order No. 7TT, are "legally binding and enforceable."

10. Pursuant to the Sector Rules, employers, such as Defendant were required to, *inter alia*, "estimate required personal protection for employees and begin procuring" such necessary equipment; "develop cleaning plans and checklists that incorporate these guidelines"; and institute training programs to ensure employee participation.[3]

---

[1] https://portal.ct.gov/-/media/Office-of-the-Governor/News/20200310-declaration-of-civil-preparedness-and-public-health-emergency.pdf

[2] https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-7H.pdf

[3] https://portal.ct.gov/- /media/DECD/Covid_Business_Recovery/CTReopensHairBarbershopsC5V051220.pdf?la=en#:~:text=In%20Phase%201%2C%20hair%20salons,Blow%20drying%20only%20when%20necessary.

11. Based on the anticipated re-opening of hair salons throughout the state of Connecticut on or about June 1, 2020, Defendant instructed its furloughed staff, including Plaintiff, that work would recommence at or about that time.

12. Accordingly, Plaintiff resumed work for Defendant in or about early June, 2020, working primarily remotely.

13. Shortly prior to Plaintiff resuming work for Defendant, and on or about May 25, 2020, Plaintiff participated in a videoconference call with Robert Masello, Defendant company member and namesake, along with a host of other consultants, wherein Masello characterized the entire COVID-19 pandemic as a "hoax," and wherein Masello further stated, in words or substance, that the pandemic was a "crock of shit" and a means for individuals to "sit on their asses and collect unemployment."

14. Approximately six days after Plaintiff returned to work, and on or about June 8, 2020, Plaintiff forwarded an email to Defendant management, inquiring as to what policies or practices Defendant management planned to implement in order to protect its staff, including Plaintiff, in light of the fact that Plaintiff's region, in Fairfield County, had experienced a massive surge in new COVID-19 cases.

15. Approximately two hours after Plaintiff forwarded the preceding email, meant to ensure that Defendant would be taking proper precautions to protect clientele and staff in the midst of a global pandemic, Defendant notified Plaintiff that she was being furloughed yet again.

16. Defendant's purported reason for furloughing Plaintiff was that the salons Plaintiff was to be servicing were not open. This was categorically false.

17. Plaintiff remained "furloughed" through July 31, 2020. On that date, Defendant terminated Plaintiff, purportedly based on financial constraints related to the COVID-19 pandemic.

18. Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory intent.

**COUNT ONE:      RETALIATION IN VIOLATION OF C.G.S. § 31-51q**

19. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

20. Plaintiff engaged in protected activity when speaking on matters of public concern pursuant to her Constitutional rights. Specifically, Plaintiff spoke out concerning Defendant's flaunting of COVID-related workplace guidelines, which had the effect of law, related to ensuring a safe working environment, proper social distancing guidelines, and the provision of protective equipment, all to ensure that Defendant employees were working safely, were not unnecessarily exposed to contracting a potentially deadly virus, and to ensure that Defendant personnel were not unnecessarily exposing others to the same.

21. Defendant retaliated against Plaintiff and subjected Plaintiff to adverse employment action on account of such protected activity.

22. Plaintiff's exercise of rights did not substantially or materially interfere with Plaintiff's bona fide job performance or the working relationship between Plaintiff and Defendant.

23. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of

gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT TWO:    WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

24. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

25. Connecticut's Department of Economic and Community Development, as of May 12, 2020, declared that:

> As Connecticut's hair salons and barbershops reopen, the most important consideration will be the health and safety of employees and patrons. Hair salons & barbershops are high-contact environments that necessitate interaction in violation of social distancing rules; however, adherence to the rules developed by the State of Connecticut can mitigate the risk this contact poses. Businesses should exercise caution throughout the phases of reopening, ensuring strict adherence to the protocols listed here. Those businesses that are not able to meet these by May 20, shall delay opening until they are able.
>
> …
>
> Businesses shall take these rules as the minimum baseline of precautions needed to protect public health in Connecticut. Individual businesses should take additional measures as recommended by industry guidelines or by common sense applied to their particular situation.[4]

26. Defendant, rather than respond to Plaintiff's legitimate attempt to ensure it abided by necessary and enforceable guidelines and rules for a safe re-opening of its workplace, swiftly furloughed, and subsequently terminated Plaintiff's employment.

---

[4] *Id.*

27. Defendant's termination of the Plaintiff was in contravention of the declared public policies of the State of Connecticut, set forth herein above.

28. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will suffer, monetary damages, including but not limited to lost wages and fringe benefits.

29. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered or may suffer emotional distress.

WHEREFORE, Plaintiff prays for the following relief:

1. Money damages;

2. Reinstatement, or in lieu thereof, front pay;

3. Punitive Damages;

4. Attorneys' fees and costs of this Action; and

5. All other awardable relief.

PLAINTIFF,
MELISSA PERSICO

BY: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mparadisi@cicchielloesq.com

| | |
|---|---|
| RETURN DATE: FEBRUARY 9, 2021 : | SUPERIOR COURT |
| MELISSA PERSICO : | J.D. OF STAMFORD |
| VS. : | AT STAMFORD |
| MASELLO SALON SERVICES OF NEW ENGLAND, LLC : | JANUARY 5, 2021 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

PLAINTIFF,
MELISSA PERSICO

BY: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mparadisi@cicchielloesq.com